UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLENE WARD PELLECER, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF CARLOS F. PELLECER, ET AL. | CIVIL ACTION |
| VERSUS | No.: 21-536 |
| WERNER CO., ET AL. | SECTION: "J" (1) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 4)** filed by Plaintiffs, Darlene Ward, individually and as the administrator of the estate of Carlos F. Pellecer, Cynthia Pellecer Keppler, Linda Pellecer Seward, and Bonnie Pellecer Perez. Werner Co. and New Werner Holding Co., Inc. (collectively the "Werner Defendants") filed an opposition to Plaintiffs' motion. (Rec. Doc. 9). Plaintiffs filed a reply. (Rec. Doc. 13). Considering the motion, the memoranda, the record, and the law, the Court finds the motion to remand should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This case began in the Civil District Court of New Orleans, Louisiana, where Plaintiffs filed suit against Defendants in response to the death of Carlos F. Pellecer. On the date of the accident, an allegedly defective Werner ladder broke while in use, causing Mr. Pellecer to fall on his head. Mr. Pellecer died 36 hours after the accident. Plaintiffs are the surviving widow and daughters of Mr. Pellecer, who are domiciled in Louisiana. Plaintiffs assert products liability claims against the Werner

1

Defendants under the Louisiana Products Liability Act. The Werner Defendants are both incorporated in Delaware with their principal places of business in Illinois

Plaintiffs also assert a premises liability claim against Sue Ann Silverman Singer, Harold Singer, and 2011 General Pershing LLC (collectively the "Singer Defendants"), who owned the property where the accident occurred, for their alleged failure to ensure a safe working condition for Mr. Pellecer. Plaintiffs also filed breach of contract, unjust enrichment, and Louisiana Unfair Trade Practices Act claims against the Singer Defendants, alleging that they failed to fully pay Mr. Pellecer for the services that he rendered on the date of the accident. The Singer Defendants are all domiciled in Louisiana.

Both Defendants filed an answer and defenses to Plaintiffs' petition, and the parties engaged in discovery. Plaintiffs filed two motions to compel against the Werner Defendants for their refusal to produce tests reports and recall documents for the ladder at issue. These motions were set to be heard on March 17, 2021. In response, the Werner Defendants removed this case to this Court on March 16, 2021, alleging that the Singer Defendants were improperly joined, and thus, there should be complete diversity in this case. Plaintiffs then filed the instant motion to remand.

## STANDARD OF LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship

between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state[1] defendant will prevent removal, but an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id.* at 574. The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff

---

[1] The term "in-state" is used to describe a defendant who is a citizen of the state where the action was brought, preventing removal under § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying diversity jurisdiction under § 1332(a).

against any in-state defendant, which stated differently means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a non-diverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

## PARTIES' ARGUMENTS & DISCUSSION

The Werner Defendants do not claim fraud on the part of Plaintiffs, but instead, argue that Plaintiffs cannot prevail on any of their claims against the Singer Defendants. With respect to Plaintiffs' claims against the Singer Defendants for their alleged failure to pay Mr. Pellecer, there was no written agreement or discussion

regarding an hourly rate for Mr. Pellecer's work. Mr. Pellecer worked for the Singer Defendants on multiple occasions and invoiced the Singer Defendants after each job was complete. Plaintiffs never invoiced Defendants for Mr. Pellecer's work, but it is undisputed that the Singer Defendants paid Plaintiffs $250.00 for Mr. Pellecer's work on the date of the accident. The Werner Defendants argue that these facts show that Plaintiffs cannot recover against the Singer Defendants for their failure to pay claims.

In response, Plaintiffs argue that they could prevail on these claims based on their theory that Singler Defendants underpaid Mr. Pellecer for his work. The Court agrees. Although he was paid for the work, a reasonable finder of fact could find that Mr. Pellecer was underpaid in breach of the oral agreement or understanding that existed between the Singer Defendants and Mr. Pellecer. Further, since Plaintiffs have stated a claim against the Singer Defendants for which they may be able to recover, there was no improper joinder, and this case should be remanded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 4)** is **GRANTED** and the case is hereby **REMANDED** to the Civil District Court of New Orleans, Louisiana.

New Orleans, Louisiana, this 28th day of April, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5